FILED by ___SA___ D.C.

Jul 26, 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**16-80107-CR-HURLEY/HOPKINS**
CASE NO. _____

18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

GREGORY HUBBARD,
   a/k/a "Jibreel,"
DAYNE ANTANI CHRISTIAN,
   a/k/a "Shakur," and
DARREN ARNESS JACKSON,
   a/k/a "Daoud,"

                           Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

**Conspiring to Provide Material Support to a
Foreign Terrorist Organization
(Islamic State of Iraq and the Levant)
(18 U.S.C. § 2339B(a)(1))**

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

GREGORY HUBBARD,
   a/k/a "Jibreel,"
DAYNE ANTANI CHRISTIAN,
   a/k/a "Shakur," and
DARREN ARNESS JACKSON,
   a/k/a "Daoud,"

did knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, that is, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIL engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 2

### Attempting to Provide Material Support to a Foreign Terrorist Organization (Islamic State of Iraq and the Levant) (18 U.S.C. § 2339B(a)(1))

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

**GREGORY HUBBARD,**
a/k/a "Jibreel,"
**DAYNE ANTANI CHRISTIAN,**
a/k/a "Shakur," and
**DARREN ARNESS JACKSON,**
a/k/a "Daoud,"

did knowingly attempt to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization,

that is, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIL engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

## COUNT 3
**Being a Felon in Possession of a Firearm**
**(18 U.S.C. § 922(g)(1))**

On or about June 5, 2016, in Palm Beach County, in the Southern District of Florida, the defendant,

**DAYNE ANTANI CHRISTIAN,**
a/k/a "Shakur,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Mossberg International 715P .22 caliber semi-automatic pistol, bearing serial number EMJ3965915.

## COUNT 4
**Being a Felon in Possession of a Firearm**
**(18 U.S.C. § 922(g)(1))**

On or about June 26, 2016, in Palm Beach County, in the Southern District of Florida, the defendant,

3

**DAYNE ANTANI CHRISTIAN,**
a/k/a "Shakur,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Romanian AK-47 style assault rifle, bearing serial number MF9479.

## COUNT 5
### Being a Felon in Possession of a Firearm
### (18 U.S.C. § 922(g)(1))

On or about July 16, 2016, in Palm Beach County, in the Southern District of Florida, the defendant,

**DAYNE ANTANI CHRISTIAN,**
a/k/a "Shakur,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Romanian AK-47 style assault rifle, bearing serial number MF9479.

## COUNT 6
### Being a Felon in Possession of a Firearm
### (18 U.S.C. § 922(g)(1))

On or about July 21, 2016, in Palm Beach County, in the Southern District of Florida, the defendant,

**DAYNE ANTANI CHRISTIAN,**
a/k/a "Shakur,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearms are:

    a.     a Mossberg International 715P .22 caliber semi-automatic pistol, bearing serial number EMJ3965915; and

    b.     a Marlin .22 caliber rifle, bearing serial number 91458788.

## CRIMINAL FORFEITURE

1.     Upon conviction of any of the violations alleged in Counts 1 and 2 of this Indictment, defendants **GREGORY HUBBARD, a/k/a "Jibreel," DAYNE ANTANI CHRISTIAN, a/k/a "Shakur," and DARREN ARNESS JACKSON, a/k/a "Daoud,"** shall forfeit to the United States all assets, foreign or domestic

    a.     of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

    b.     acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

    c.     derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

    d.     of any individual, entity, or organization engaged in planning or

perpetrating any act of international terrorism against any international organization or against any foreign Government.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(G), and Title 21, United States Code, Section 853.

2. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 28, United States Code, Section 2461, Title 18 United States Code, Section 981(a)(1)(G), and Title 21 United States Code, Section 853.

3. Upon conviction of any of the violations alleged in Counts 3-6 of this Indictment, defendant **DAYNE ANTANI CHRISTIAN, a/k/a "Shakur,"** shall forfeit to the United States any firearm or ammunition involved in, used in, or intended to be used in, said violation.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

⟨ _____
FOREPERSON

*[signature]*
WIFREDO A. FERRER
UNITED STATES ATTORNEY

*[signature]*
KAREN E. GILBERT
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GREGORY HUBBARD, a/k/a "Jibreel,"
DAYNE ANTANI CHRISTIAN, a/k/a "Shakur,"
DARREN ARNESS JACKSON, a/k/a "Daoud,"
    Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami      ____ Key West
____ FTL        ____ WPB     _X_ FTP

New Defendant(s)            Yes ____   No ____
Number of New Defendants    ____
Total number of counts      ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   ____

4. This case will take   _10_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days      ____                    Petty    ____
   II   6 to 10 days      _X_                    Minor    ____
   III  11 to 20 days    ____                    Misdem.  ____
   IV   21 to 60 days    ____                    Felony    _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court?  (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes:
   Magistrate Case No.                      16-3010-CMM
   Related Miscellaneous numbers:           ____
   Defendant(s) in federal custody as of    ____
   Defendant(s) in state custody as of      ____
   Rule 20 from the                         District of ____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes   _X_ No

                                        _____
                                        EDWARD C. NUCCI
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 794406

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GREGORY HUBBARD, a/k/a "Jibreel,"

**Case No:** _____

Count #: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment; $ 250,000 Fine; 5 years' Supervised Release

Count #: 2

Attempting to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\* Max. Penalty**: 20 Years' Imprisonment; $ 250,000 Fine; 5 years' Supervised Release

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DAYNE ANTANI CHRISTIAN, a/k/a "Shakur,"

**Case No:** _____

Count #: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

*__Max. Penalty:__ 20 Years' Imprisonment; $250,000 Fine; 5 years' Supervised Release

Count #: 2

Attempting to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

* __Max. Penalty__: 20 Years' Imprisonment; $250,000 Fine; 5 years' Supervised Release

Counts #: 3-6

Being a Felon in Possession of a Firearm

Title 18, United States Code, Section 922(g)(1)

*__Max. Penalty:__ 10 Years' Imprisonment; $250,000 Fine; 3 years' Supervised Release

Count #:

_____

_____

*__Max. Penalty:__

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DARREN ARNESS JACKSON, a/k/a "Daoud,"

**Case No:** _____

Count #: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

*Max. Penalty: 20 Years' Imprisonment; $ 250,000 Fine; 5 years' Supervised Release

Count #: 2

Attempting to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

* Max. Penalty: 20 Years' Imprisonment; $ 250,000 Fine; 5 years' Supervised Release

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.