UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80107-Cr-Hurley/Hopkins

UNITED STATES OF AMERICA,

v.

GREGORY HUBBARD,
a/k/a "Jibreel,"

Defendant.
_____/



## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS Defendant, GREGORY HUBBARD, detained prior to trial. The Court specifically finds that no condition or combination of conditions will reasonably assure Defendant's appearance in court or the community's safety. The Court makes the following findings of fact and statement of reasons for the detention:

a) The nature and circumstances of the offense charged.

Defendant is charged by Indictment with conspiring and attempting to provide material support to a foreign terrorist organization (Islamic State of Iraq and the Levant) ("ISIL"), in violation of 18 U.S.C. § 2339B(a)(1) (Counts 1-2). As to each Count, if convicted, Defendant faces up to 20 years in prison, up to 5 years of supervised release, and a $250,000 fine. The statutory presumption in 18 U.S.C. § 3142(e) applies here.

b) The weight of the evidence against Defendant.

The weight of the evidence against Defendant is strong. The Court takes judicial notice of the Indictment and the underlying Criminal Complaint. The Government

1

proceeded by proffer at the hearing and FBI Special Agent Brian King testified. These sources establish as follows. Defendant regularly met with two co-defendants and a FBI confidential informant to listen to ISIL-inspired lectures or sermons advocating violent jihad. Defendant viewed the world as having two groups of people: those on the side of ISIL and those who do not support ISIL. Defendant proclaimed to be on the side of ISIL.

Defendant and the others regularly engaged in firearms training at local shooting ranges and in remote wildlife areas. When discussing various matters, they spoke in code; referring to ISIL as "the soccer team," to participating in attacks as "playing soccer," and to AK-47 assault rifles as "the Bible." They showed support for the beheadings of non-Muslim hostages as depicted in online videos and also praised recent deadly terrorist attacks in the United States and elsewhere, such as this Defendant's loud exclamation at a local restaurant that he did not care how many Americans and infidels were killed at a recent mass shooting in San Bernardino, California. Along the same lines, Defendant exclaimed "Alhamdulillah"—meaning "praise be to Allah"—in response to learning of a recent terrorist attack in Nice, France. Defendant similarly praised the recent shooting of three police officers in Baton Rouge, Louisiana, as well as a mass shooting in Fort Hood with the comment "that is what the brother did out in Texas and he was absolutely right."

At one point, Defendant sent the FBI confidential informant a 100-page e-book published by ISIL for ISIL supporters. Defendant advised that he had written and submitted two articles to ISIL for publication, and was working on a third article describing what was wrong with the media's coverage of ISIL. Defendant told the FBI

informant about his wish to "bring America to its knees" and discussed the Pentagon and the White House as possible targets.

Defendant spoke often and freely about his desire to travel to Syria so that he could join ISIL and engage in violent jihad. He pursued this desire by successfully obtaining a passport, moving all of his personal belongings to a storage unit in Georgia, and buying an airplane ticket to fly to Germany (round-trip instead of one-way, explaining that he had "to go two ways, just for security reasons") with stated plans to make his way to Syria where he would join and support ISIL. While Defendant originally discussed a plot to bomb police officers before he left the United States, he later changed his mind for the stated reason that he did not wish to get caught and compromise his plans to travel overseas. On the day Defendant was scheduled to fly to Europe, he was driven to the airport by a co-defendant and was arrested after going through the airport TSA security checkpoint.

c) Defendant's history, characteristics, and criminal history.

The Court takes judicial notice of the Pretrial Services Report, which reports as follows. Defendant was born in Georgia and has lived in South Florida for the past 13 years. He has lived with a co-defendant and that co-defendant's father for the past three months. Defendant holds an Associate's Degree in Art and is a former U.S. Marine who was honorably discharged.

Defendant says he has worked a limousine driver for the past 7 months. He reports having no history of mental health treatment, but his counsel suggested that he has mental health issues for which he has been prescribed medication. Counsel offered

3

no additional details. Defendant's criminal history is minimal and includes one teenage conviction for shoplifting.

    d) The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release, and the likelihood of Defendant's appearance in court if released.

The Court finds that Defendant is a danger to the community and a flight risk. He has not overcome the applicable statutory presumption as he faces serious federal charges alleging his very clear desire to travel overseas for the sole purpose of joining and supporting a foreign organization that advocates global terrorism and other violent activities. It is further alleged that Defendant often voiced his unequivocal approval of several mass killings that have recently taken place. He allegedly possessed and used a wide variety of dangerous firearms for the purpose of training for violent jihad. These allegations and others portray an individual of mature years who took a series of actions in a determined fashion for the stated purpose of being a necessary and integral part of a violent war on the United States and her allies on behalf of ISIL. Based on these factors, and in view of the statutory presumption of detention that applies in this case, the Court readily finds that no condition or combination of conditions of release will reasonably assure the safety of the community and Defendant's appearance, as required.

Accordingly, IT IS HEREBY ORDERED that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded reasonable opportunity to confer privately with counsel. On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of July, 2016.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE