## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-80107-CR-ROSENBERG/HOPKINS(s)
18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 922(d)(1)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

GREGORY HUBBARD,
    a/k/a "Jibreel,"

                      Defendant.

_____/

FILED by _____ D.C.

SEP 1 9 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

**Conspiring to Provide Material Support to a
Foreign Terrorist Organization
(Islamic State of Iraq and al-Sham)
(18 U.S.C. § 2339B(a)(1))**

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing

through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and

elsewhere, the defendant,

**GREGORY HUBBARD,
a/k/a "Jibreel,"**

did knowingly combine, conspire, confederate, and agree with Dayne Antani Christian, a/k/a

"Shakur," and Darren Arness Jackson, a/k/a "Daoud," and with others known and unknown to the

Grand Jury, to provide "material support or resources," as that term is defined in Title 18, United

States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, that is, the

Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), knowing that ISIS was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that ISIS engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT 2

### Attempting to Provide Material Support to a
### Foreign Terrorist Organization
### (Islamic State of Iraq and al-Sham)
### (18 U.S.C. § 2339B(a)(1))

Beginning on a date unknown to the Grand Jury, but no later than July 2015, and continuing through on or about July 21, 2016, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

### GREGORY HUBBARD,
### a/k/a "Jibreel,"

aided and abetted by Dayne Antani Christian, a/k/a "Shakur," and Darren Arness Jackson, a/k/a "Daoud," did knowingly attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, that is, the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), knowing that ISIS was a designated foreign terrorist organization (as defined it Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the

2

INA), and that ISIS engages and has engaged in terrorism (as defined in section 140(d)(2) of the

Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18,

United States Code, Sections 2339B(a)(1) and 2.

Transfer   **COUNT 3**

**Sale of Ammunition to a Felon**
**(18 U.S.C. § 922(d)(1))**

6-19-17

Between on or about July 16, 2016, through on or about July 21, 2016, in Palm Beach

County, in the Southern District of Florida, the defendant,

**GREGORY HUBBARD,**
**a/k/a "Jibreel,"**

did knowingly dispose of a firearm and ammunition, that is, a .22 caliber Marlin Rifle, serial

number 91458788, and one (1) ammunition canister containing approximately the following: (98)

.40 caliber rounds, (94) 9mm rounds, (140) .22 caliber rounds, (1) 7.62 x 39mm round, (1271) .22

long rifle rounds, and (25) 12 gauge shotgun shells, to a person, that is  Dayne Antani Christian,

a/k/a "Shakur," knowing and having reasonable cause to believe that such person had been

previously convicted in any court of a crime punishable by imprisonment for a term exceeding one

year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

**CRIMINAL FORFEITURE**

1.  Upon conviction of any of the violations alleged in Counts 1 and 2 of this Superseding

Indictment, defendant **GREGORY HUBBARD, a/k/a "Jibreel,"** shall forfeit to the United States

all assets, foreign or domestic

a.      of any individual, entity or organization engaged in planning or perpetrating

any Federal crime of terrorism against the United States, citizens or residents of the United States,

or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

      b.    acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

      c.    derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or

      d.    of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government, including, but not limited to, the following:

      i. One (1) Marlin .22 caliber rifle, bearing serial number 91458788.

      ii. Various rounds of miscellaneous caliber ammunition.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(G), and Title 21, United States Code, Section 853.

2. Upon conviction of the violation alleged in Count 3 of this Superseding Indictment, the defendant **GREGORY HUBBARD, a/k/a "Jibreel,"** shall forfeit to the United States any firearm or ammunition involved in or used in, or intended to be used in said violation, including, but not limited to, the following:

      i. One (1) Marlin .22 caliber rifle, bearing serial number 91458788.

      ii. Various rounds of miscellaneous caliber ammunition.

4

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d), and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

KAREN E. GILBERT
ASSISTANT UNITED STATES ATTORNEY

EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

LAWRENCE SCHNEIDER
TRIAL ATTORNEY

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

**GREGORY HUBBARD, a/k/a "Jibreel"**
    **Defendant.**

_____/

**CASE NO.**   16-80107-CR-ROSENBERG/HOPKINS(s)

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

_____ Miami    Key West _____
_____ FTL    WPB _X_   FTP _____

New Defendant(s)    Yes _____ No _X_
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)     _No_
   List language and/or dialect _____

4. This case will take   _10_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _X_ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   _Yes_
If yes:
Judge: _Rosenberg_      Case No. _16-80107-Cr-Rosenberg/Hopkins_
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   _Yes_
If yes:
Magistrate Case No.   _16-3010-CMM_
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____
    District of _____

Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes _X_ No

_____
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 794406

*Penalty Sheet(s) attached

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  **GREGORY HUBBARD, a/k/a "Jibreel"**

**Case No**: 16-80107-CR-ROSENBERG/HOPKINS(s)

Count #: 1

Conspiring to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment; $ 250,000 Fine; any term of years or life Supervised Release

Count #: 2

Attempting to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\* Max. Penalty**: 20 Years' Imprisonment; $ 250,000 Fine; any term of years or life Supervised Release

Count #: 3

Sale of Ammunition to a Felon

Title 18, United States Code, Section 922(d)(1)

**\*Max. Penalty:** 10 Years' Imprisonment; $ 250,000 Fine; 3 years' Supervised Release

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**