**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-80107-CR-ROSENBERG**

**UNITED STATES OF AMERICA,**

v.

**DARREN ARNESS JACKSON,**

**Defendant.**

_____/

**NOTICE OF FILING INFORMATION**
**SUPPLEMENTING CHART ON PAGE 6 OF DARREN JACKSON'S**
**PRE-SENTENCE MEMORANDUM AND**
**MOTION FOR DOWNWARD VARIANCE**

Darren Jackson respectfully submits, as a supplement to his Pre-Sentence Memorandum and

Motion for Downward Variance [D.E. 298], the attached Plea Agreement and Judgment in the case

of *United States v. Mohammed Hamzah Khan*, Case No. 14 Cr. 00564 (N.D. Ill.). This filing

supplements the information provided to the Court on pages 6-7 and Exhibit F of the Pre-Sentence

Memorandum regarding sentences imposed on cooperating defendants in "traveler" cases under 18

U.S.C.§ 2339B.  As the attachments show, Defendant Khan, a "traveler" who cooperated with the

government, received a 40-month sentence.

Dated:    May 15, 2018                          Respectfully submitted,

                                                s/ Julie Prag Vianale
                                                Julie Prag Vianale (FBN 0184977)
                                                Attorney for Darren Arness Jackson
                                                Vianale & Vianale LLP
                                                5550 Glades Road, Suite 500
                                                Boca Raton, FL  33431
                                                Tel: (561) 392-4750
                                                jvianale@vianalelaw.com

1

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that she filed the foregoing document on May 15, 2018 using the Court's CM-ECF system, which will cause a true and correct copy to be sent electronically to:

Edward C. Nucci, Esq.
Assistant United States Attorney
Southern District of Florida
500 S. Australian Ave., Suite 400
West Palm Beach FL  33401-6235
Edward.Nucci@usdoj.gov

Karen E. Gilbert, Esq.
Assistant United States Attorney
99 NE 4th Street, Suite 800
Miami, FL 33132
Karen.Gilbert@usdoj.gov

Anthony John Natale
Federal Public Defender's Office
150 W. Flagler Street, Suite 1500
Miami FL  33130-1556
Anthony_Natale@fd.org

Michael Salnick, Esq.
1645 Palm Beach Lakes Blvd., Suite 1000
West Palm Beach FL  33401
msalnick@fblaw.com

s/ Julie Prag Vianale
Julie Prag Vianale (FBN 1084977)
Vianale & Vianale LLP
5550 Glades Road, Suite 500
Boca Raton, FL  33431
Tel: (561) 392-4750

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MOHAMMED HAMZAH KHAN

No. 14 CR 564

Judge John J. Tharp, Jr.

**FILED**
10-29-15
OCT 29 2015
JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant MOHAMMED HAMZAH KHAN, and his attorneys, THOMAS A. DURKIN, CHRISTOPHER T. GROHMAN, and ROBIN V. WATERS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

## Charge in This Case

2. The indictment in this case charges defendant with attempting to provide material support, namely, personnel, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant, in violation of Title 18, United States Code, Section 2339B(a)(1).

3. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with attempting to provide material support, namely, personnel, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant, in violation of Title 18, United States Code, Section 2339B(a)(1).

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning no later than in or about February 2014, and continuing until at least on or about October 4, 2014, at Chicago, in the Northern District of Illinois, and elsewhere, defendant did knowingly attempt to provide material support and resources, namely, personnel (to wit, himself, Minor 1, and Minor 2) to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant, knowing that it was a designated foreign terrorist organization and that the organization had engaged and was engaging in terrorist activity and terrorism, in violation of Title 18, United States Code, Section 2339B(a)(1).

More specifically, on October 15, 2004, the United States Secretary of State designated al-Qaeda in Iraq, then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization under Section 219 of the Immigration and

Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

On May 15, 2014, the Secretary of State amended the designation of al-Qaeda in Iraq as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISI"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself "al-Qaeda in Iraq," this name had frequently been used to describe it through its history. In an audio recording publicly released on June 29, 2014, ISIL announced a formal change of ISIL's name to the Islamic State.

Beginning no later than February 2014, defendant and Minor 1 sought and ultimately obtained introductions to ISIL members in Syria to assist them (defendant and Minor 1) with traveling to Syria and to join ISIL. Defendant and Minor 1 used the internet as part of their efforts to establish contact and communicate with ISIL members. Defendant and Minor 1 spoke with ISIL members to coordinate the logistics of their trip and admission into ISIL controlled territory.

On or about July 21, 2014, defendant obtained a job at Company A. He used money from this job to pay for his, Minor 1's, and Minor 2's travel to Syria to offer

3

themselves to the direction and control of ISIL. Defendant worked at Company A through on or about October 3, 2014.

On or about September 26, 2014, defendant purchased three roundtrip tickets for himself, Minor 1, and Minor 2 to travel between Chicago and Istanbul, Turkey. Defendant paid approximately $2,679 for the three airline tickets to Istanbul. Between on or about September 27 and 29, 2014, defendant obtained visas online for himself, Minor 1 and Minor 2 to travel to Turkey.

On or about October 4, 2014, at approximately 1:00 p.m., defendant, Minor 1, and Minor 2 traveled to O'Hare International Airport and checked in for the first leg of their trip to Istanbul. After checking in, defendant, Minor 1, and Minor 2 proceeded through a security checkpoint and walked towards the departure gate for their flight. Law enforcement stopped defendant, Minor 1, and Minor 2 before they were able to travel to Istanbul.

Prior to going to the airport, defendant left behind a letter for his parents. The letter detailed, among other things, the purpose of his trip, his intention of traveling to Syria, and his reasons for leaving his family.

Upon arriving in Syria, defendant intended to work under the direction and control of ISIL, and be required to take any assignment ISIL gave him, which he expected would include activity ranging from non-violent assistance to a combat role. At the time defendant engaged in the conduct set forth above, he knew that ISIL was a designated foreign terrorist organization.

4

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 15 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of any term of years, including life.

b.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as otherwise noted:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the

Guidelines Manual currently in effect, namely the November 2014 Guidelines Manual.

b.   **Offense Level Calculations**.

i.   The base offense level is 26, pursuant to Guideline § 2M5.3(a).

ii.   The offense level is increased by two levels because the offense involved the provision of material support or resources, namely, personnel, with the intent, knowledge, or reason to believe that such support or resources were to be used to commit or assist in the commission of a violent act, pursuant to Guideline § 2M5.3(b)(1)(E).

iii.   The offense level is increased by 12 levels because the offense of conviction is a felony that involved a federal crime of terrorism as defined in Title 18, United States Code, Section 2332b(g)(5), namely, the offense of conviction: (1) was calculated to influence or affect the conduct of government by intimidation and coercion, and to retaliate against government conduct; and (2) was a violation of Title 18, United States Code, Section 2339B; pursuant to Guideline § 3A1.4(a).

iv.   The government's position is that, pursuant to Guideline § 3B1.4, the offense level is increased by two levels because defendant attempted to use persons less than eighteen years of age, namely Minor 1 and Minor 2, to commit

6

the offense or assist in avoiding detection of, or apprehension for, the offense. The defendant reserves the right to dispute this enhancement at sentencing.

     v.   Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

     vi.   In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

     c.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero. Pursuant to Guideline § 3A1.4(b), defendant's criminal history category is VI.

7

    d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 39, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines sentence of 180 months' imprisonment, pursuant to Guideline § 5G1.1(a), in addition to any supervised release and fine the Court may impose. The defendant reserves the right to dispute this guideline calculation, as noted above in paragraph 9.b.iv.

    e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    10.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting

any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Cooperation

11.    Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil, or administrative proceeding, including in the United States or any foreign prosecution. Defendant agrees to the postponement of his sentencing until after the conclusion of his cooperation.

## Agreements Relating to Sentencing

12.    At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines, in its sole discretion, that defendant has continued to provide full and truthful cooperation as required by this Agreement, then the government shall

9

move the Court, pursuant to Guideline § 5Kl.l, to depart downward from the low end of the applicable guideline range, and shall recommend a sentence that includes a term of imprisonment in the custody of the Bureau of Prisons of 60 months. Defendant shall be free to recommend any sentence. At the time of the execution of this Plea Agreement, it is the government's intention to so move. Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court.

13.    If the government does not move the Court, pursuant to Guideline § 5K1.1, to depart from the applicable guideline range, as set forth above, the preceding paragraph of this Agreement will be inoperative, both parties shall be free to recommend any sentence, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines. Defendant may not withdraw his plea of guilty because the government has failed to make a motion pursuant to Guideline § 5K1.1.

14.    Defendant and the government agree to jointly recommend a term of supervised release of not less than 180 months following any period of imprisonment. The Court may impose any term, including a term greater or less than 180 months.

15.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the

10

Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

16.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

17.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 14 CR 564.

18.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

11

a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not

12

the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

            v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

            vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

            b.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    20.    **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, except as noted below. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this Agreement, defendant knowingly waives the right to appeal:

(1) his conviction; (2) any pre-trial rulings by the Court; and (3) any part of the sentence (or the manner in which that sentence was determined) if the Court sentences defendant to a term of imprisonment of 60 months or less, and a fine within the maximums provided by law. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

21.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

22.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him,

14

and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

23.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be

sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

25.     In exchange for the government's concessions made in this Agreement, defendant agrees to the imposition of certain conditions as part of any term of supervised release that should include but will not be limited to:

      a.     Continuing to cooperate with the government throughout the pendency of his terms of incarceration and supervised release;

      b.     Restrictions on travel;

      c.     Informing the Probation Office prior to: (1) purchasing a cellular phone or any device that can access the internet; and (2) creating new online accounts including email, social media, instant messaging, chat accounts or services. Defendant also consents to this information being shared with the United States Attorney's Office for the Northern District of Illinois;

      d.     Refraining from knowingly communicating in any manner with any persons who are located outside the United States without the prior approval of the United States Probation Office, except that this approval requirement will not apply for communication with family members or other individuals whose identity has been previously verified by the Probation Office;

      e.     Refraining from knowingly communicating in any manner with any persons who are, or claim to be, associated with a designated foreign terrorist

organization (as defined in 8 U.S.C. § 1189), or who are, or claim to be, involved with acts of violence, or advocating for acts of violence;

        f.      Complying with the Computer and Internet Monitoring Program administered by the United States Probation Office for at least the first 90 months of supervised release;

        g.      Allowing Probation Officers to search (including but not limited to a forensic examination), and capture evidence of violations from, any communication devices (*e.g.*, phones, tablets, computers or devices with internet access or communication capabilities), email accounts, social media accounts or electronic communication accounts within the possession, custody or control of defendant up to four times per month between 6 a.m. and 10 p.m. for at least the first 90 months of supervised release;

        h.      Psychological and violent extremism counseling, from providers as directed by the United States Probation Office, and agreed to by the United States Probation Office, the United States Attorney's Office for the Northern District of Illinois, and the defendant;

        i.      Employment and educational requirements, which may include online education courses if approved by the Probation Office; and

        j.      Completing no less than 120 hours of community service per year of supervised release.

26.     Defendant acknowledges that the specific terms of any of these conditions will be determined by the Court at sentencing and that defendant and the government may submit additional proposed conditions. It is further understood by the parties that the sentencing judge is not bound by the conditions described in paragraph 25, and may impose less or more restrictive conditions of supervision as part of any sentence of supervised release.

27.     Defendant further understands that the Court has authority to impose additional conditions and modify these conditions at any point during any period of supervised release.

28.     Defendant waives any right to file a motion to terminate any term of supervised release before having completed 120 months of supervision, except with the concurrence of the government.

### Other Terms

29.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

30.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

18

31.    Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, including supervised release, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____10 , 29 , 15_____

_____
ZACHARY T. FARDON
United States Attorney

_____
R. MATTHEW HILLER
Assistant U.S. Attorney

_____
SEAN K. DRISCOLL
Assistant U.S. Attorney

_____
MOHAMMED HAMZAH KHAN
Defendant

_____
THOMAS A. DURKIN
Attorney for Defendant

_____
CHRISTOPHER T. GROHMAN
Attorney for Defendant

_____
ROBIN V. WATERS
Attorney for Defendant

20



# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| MOHAMMED HAMZAH KHAN | ) | Case Number:    14-CR-00564 |
| | ) | USM Number:    46673-424 |
| | ) | |
| | ) | |
| | ) | Thomas Anthony Durkin |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) Count 1 of the Indictment.

☐ pleaded nolo contendere to count(s)            which was accepted by the court.

☐ was found guilty on count(s)            after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **18 U.S.C. § 2339B(a)(1)** | Attempt to Provide Material Support to a Foreign Terrorist Organization | 10/4/2014 | One |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)            dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

11/18/16
Date of Imposition of Judgment

Signature of Judge

John J. Tharp, Jr., United States District Judge
Name and Title of Judge

11/21/16
Date

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT:  MOHAMMED HAMZAH KHAN
CASE NUMBER:  14-CR-00564

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
40 months.

☒  The court makes the following recommendations to the Bureau of Prisons: Designation to the Metropolitan Correctional Center, Chicago.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at      on

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2:00 pm on

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MOHAMMED HAMZAH KHAN
CASE NUMBER: 14-CR-00564

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
20 years.

      You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒  (1)  you shall not commit another Federal, State, or local crime.
- ☒  (2)  you shall not unlawfully possess a controlled substance.
- ☐  (3)  you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]
- ☐  (4)  you shall register and comply with all requirements of the Sex Offender Registration and Notification Act **(42 U.S.C. § 16913)**.
- ☒  (5)  you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☐  (6)  you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☐  (1)  you shall provide financial support to any dependents if financially able.
- ☐  (2)  you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).
- ☐  (3)  you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:
- ☒  (4)  you shall seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☐  (5)  you shall refrain from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))
- ☒  (6)  you shall refrain from knowingly meeting or communicating with any person whom you know to be engaged, or planning to be engaged, in criminal activity and from:
  - ☐ visiting the following type of places:
  - ☒ a. knowingly meeting or communicating with the following persons: Any persons who are or claim to be associated with a foreign terrorist organization (as defined in Title 18, United States Code, Section 1189);
    b. Any persons who are, or claim to be, involved with violent acts, or advocating for acts of violence; and
    c. Any persons who are located outside of the United States without prior approval of the U.S. Probation Office.
- ☐  (7)  you shall refrain from ☐ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐    ), or any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.
- ☒  (8)  you shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
- ☒  (9)  ☐ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
  - ☒ you shall participate, at the direction of a probation officer, in a mental health treatment program, which may include the use of prescription medications.

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 4 of 9

**DEFENDANT: MOHAMMED HAMZAH KHAN**
**CASE NUMBER: 14-CR-00564**

|   |      |   |
|---|------|---|
| ☐ |      | ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify: ▨.) |
| ☐ | (10) | (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling ▨ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§ 3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period ▨. |
| ☐ | (11) | (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of ▨ months. |
| ☒ | (12) | you shall work in community service for 100 hours per year, for the first five years of supervised release, as directed by a probation officer. |
| ☐ | (13) | you shall reside in the following place or area: ▨, or refrain from residing in a specified place or area: ▨. |
| ☒ | (14) | you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer. |
| ☒ | (15) | you shall report to a probation officer as directed by the court or a probation officer. |
| ☒ | (16) | ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified: ,  <br> ☒ at home  ☒ at work  ☒ at school  ☒ at a community service location <br> ☒ other reasonable location specified by a probation officer <br> ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer. |
| ☒ | (17) | you shall notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. |
| ☒ | (18) | you shall notify a probation officer promptly, within 72 hours, if arrested or questioned by a law enforcement officer. |
| ☐ | (19) | (home confinement): you shall remain at your place of residence for a total of ▨ months during nonworking hours. [This condition may be imposed only as an alternative to incarceration.] |
|   |      | ☐ Compliance with this condition shall be monitored by telephonic or electronic signaling devices (the selection of which shall be determined by a probation officer). Electronic monitoring shall ordinarily be used in connection with home detention as it provides continuous monitoring of your whereabouts. Voice identification may be used in lieu of electronic monitoring to monitor home confinement and provides for random monitoring of your whereabouts. If the offender is unable to wear an electronic monitoring device due to health or medical reasons, it is recommended that home confinement with voice identification be ordered, which will provide for random checks on your whereabouts. Home detention with electronic monitoring or voice identification is not deemed appropriate and cannot be effectively administered in cases in which the offender has no bona fide residence, has a history of violent behavior, serious mental health problems, or substance abuse; has pending criminal charges elsewhere; requires frequent travel inside or outside the district; or is required to work more than 60 hours per week. |
|   |      | ☐ You shall pay the cost of electronic monitoring or voice identification at the daily contractual rate, if you are financially able to do so. |
|   |      | ☐ The Court waives the electronic/location monitoring component of this condition. |
| ☐ | (20) | you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living. |
| ☐ | (21) | (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security. |
| ☒ | (22) | you shall satisfy such other special conditions as ordered below. |
| ☒ | (23) | you shall submit at any time, with or without a warrant, to a search of the defendant's person and any property, house, apartment, residence, vehicle, records, computer, electronic communication devices or data storage devices or electronic media (*e.g.* phones, tablets, computers, or devices with internet access or communication capabilities), social media accounts, electronic communications accounts, email accounts, or other electronic communication accounts, by any probation officer (or law enforcement officer at the request of the U.S. Probation Office) having reasonable suspicion concerning a violation of a condition of supervised release or a violation of state or federal law, while in the lawful discharge of the officer's supervision functions. |
| ☐ | (24) | Other: |

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 5 of 9

DEFENDANT: MOHAMMED HAMZAH KHAN
CASE NUMBER: 14-CR-00564

**During the term of supervised release:**

☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☒ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision unless the defendant is registered as a full-time student pursuing an associate degree, bachelor's degree, graduate degree, or vocational training.

☒ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. These 20 hours are in addition to the 120 hours of community service the defendant must complete each year of supervised release, and will only be imposed if the defendant is unemployed as described above, and if the defendant is not pursuing an associate degree, bachelor's degree, graduate degree, or vocational training on a full time basis.

☐ (4) you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☐ (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☒ (6) you shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

☐ (7) you shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

☐ (8) you shall provide documentation to the IRS and pay taxes as required by law.

☐ (9) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.

  ☐ You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

  ☐ The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.

  ☐ You shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

  ☐ You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

  ☐ You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2)**, regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

  ☐ You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, or visit locations where children regularly congregate (*e.g.*, locations specified in the Sex Offender Registration and Notification Act.)

  ☐ This condition does not apply to your family members: ▨ [Names]

  ☐ Your employment shall be restricted to the district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.

  ☐ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.

  ☐ You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

☐ (10) you shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release. Your monthly payment schedule shall be an amount that is at least $▨ or ▨% of

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 6 of 9

DEFENDANT: MOHAMMED HAMZAH KHAN
CASE NUMBER: 14-CR-00564

your net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.

☒ (11) except as provided in (14) below, you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court. Any proactive cooperation on the part of the defendant must be approved by the court.

☐ (12) you shall repay the United States "buy money" in the amount of $         which you received during the commission of this offense.

☐ (13) if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☒ (14) Other:

a. Consistent with the terms of his plea agreement, he defendant shall continue to cooperate as directed and supervised by the U.S. Attorney's Office for the Northern District of Illinois throughout the pendency of his terms of incarceration and supervised release. Such cooperation will not involve proactive participation in investigatory activity without prior approval by the Court.

b. The defendant shall attend violent extremism counseling from providers as directed by the U.S. Probation Office, and agreed to by the U.S. Probation Office, the United States Attorney's Office for the Northern District of Illinois, and the defendant. The defendant shall also authorize the release of any mental health and/or violent extremism counseling records to the U.S. Probation Office. Such records will not be disseminated by the U.S. Probation Office without Court approval.

c. [Modified] The defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the U.S. Probation Office. The defendant shall consent to the installation of computer monitoring software on all identified computers and devices, in his personal possession, custody, or control, capable of accessing the internet to which the defendant has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

d. As part of the Computer and Internet Monitoring Program, the defendant shall allow probation officers to search without a warrant and without cause (including but not limited to a forensic examination), and capture evidence of violations from any communication devices (e.g. phones, tablets, computers, or devices with internet access or communication capabilities), email accounts, social media accounts, instant messaging accounts, or electronic communication accounts within the personal possession, custody, or control of the defendant up to four times per month between 6:00 a.m. and 10:00 p.m. for the entire period of supervised release. This condition does not waive the rights of any other person or entity with respect to such devices, accounts, or property.

e. To the extent defendant is relieved of his obligations under the Computer and Internet Monitoring Program at any point during the period of his supervised release, defendant must provide notice to the U.S. Probation Office within 24 hours of opening any new online or communication accounts, including email, social media, instant messaging, electronic communications, chat accounts or services, or other accounts that allow the defendant to communicate through electronic devices or online.

f. As part of the Computer and Internet Monitoring Program, the defendant: i. must seek prior approval by the U.S. Probation Office or the Court, in order to possess or use (directly or indirectly) any device that can access the internet;

i. must seek prior approval by the U.S. Probation Office or the Court, in order to possess or use (directly or indirectly) any device that can access the internet;

ii. must seek prior approval by the U.S. Probation Office or the Court, in order to access (directly or indirectly) any websites or online applications;

iii. shall not access, view, or use (directly or indirectly, including printed, copied, or downloaded versions of the material) any online social media, chat services, blogs, instant messaging (including SMS or MMS), email, or other online or electronic communication applications or sites without the prior approval of the U.S. Probation Office or the Court;

iv. shall not use any encryption services or online encrypted communication applications without the prior approval of the U.S. Probation Office or the Court;

v. shall not use any services designed to disguise, mask, or anonymize defendant's online activity, such as Tor or other anonymizing applications, services, or sites, without the prior approval of the U.S. Probation Office or the Court;

DEFENDANT: MOHAMMED HAMZAH KHAN
CASE NUMBER: 14-CR-00564

      vi. shall not use any online gaming services or systems (examples as of the writing of this memorandum include PlayStation, Xbox, and Wii) without the prior approval of the U.S. Probation Office or the court; and

      vii. shall consult with the U.S. Probation Office or petition the court, if he does not know, cannot determine, or has any questions about whether an online site, service or application is approved for him to access or use (directly or indirectly).

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 8 of 9

DEFENDANT:  MOHAMMED HAMZAH KHAN
CASE NUMBER:  14-CR-00564

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $100 | $0 | $N/A |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Totals:** |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**.  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the          .

  ☐ the interest requirement for the          is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment – Page 9 of 9

DEFENDANT: MOHAMMED HAMZAH KHAN
CASE NUMBER: 14-CR-00564

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100 due immediately.

    ☐ balance due not later than    , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g. 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within    *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.